**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Tanais Delieutraz,<br><br>Plaintiff,<br><br>vs.<br><br>Steve T. Johnson,<br><br>Defendant. | No. CV-11-08210-PCT-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Summary Judgment for Breach of Fiduciary Duty and Unjust Enrichment (Counts Three and Five) (Doc. 21) and Defendant's Motion for Summary Judgment (Doc. 23).

**I.  PROCEDURAL BACKGROUND**

Plaintiff Rachel Tanais Delieutraz initiated this lawsuit on December 23, 2011. She is a Swiss citizen who resides in Collonges, Canton of Valais, Switzerland. Defendant Steve (Stephen) T. Johnson is a resident of Arizona.

The Complaint alleges five counts: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) breach of fiduciary duty, (4) conversion, and (5) unjust enrichment. On February 21, 2012, Defendant filed an Answer to Plaintiff's Complaint. (Doc. 7.)

On October 12, 2012, Plantiff and Defendant each filed a motion for summary judgment and a separate statement of facts. (Docs. 21-24.) On November 16, 2012, Plaintiff filed a response to Defendant's motion for summary judgment and objections to Defendant's statement of facts. (Docs. 25, 26.) On December 6, 2012, Plaintiff filed a

notice that Defendant had not filed a response or opposition to Plaintiff's motion for summary judgment and separate statement of facts. (Doc. 27.) Defendant has not filed a response or opposition to Plaintiff's motion for summary judgment and separate statement of facts and has not sought leave for an extension of time to do so.

Local Rule 7.2(i) provides that if a party fails to respond to a motion, the lack of response may be deemed consent to the granting of the motion. Nevertheless, Plaintiff's motion for summary judgment will be decided on the merits, and Defendant's lack of response is not deemed to be consent. In deciding the motions, the Court has considered all the evidence submitted, regardless of whether it is denominated as pertaining to one motion or the other.

**II.     LEGAL STANDARD**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A material fact is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001).

**III.    UNDISPUTED FACTS**

Plaintiff and Defendant maintained a personal relationship from the spring of 1999 through the summer of 2001. In March 1999, Defendant opened a Bank One account in Pinetop, Arizona, under the name of "Stephen T. Johnson, ITF Rachel Delieutra [sic]" ("the ITF Account"). Defendant sent Plaintiff a letter dated March 16, 1999 ("the March

1999 Letter") that said he had opened a new bank account in Plaintiff's name and Defendant was the trustee of the account. It also said, "This account belong [sic] to you." During 1999, Plaintiff electronically transferred to the ITF Account 190,000 CHF, the equivalent of $125,000.00 in United States currency.

Defendant has a residential construction business. He used all of the funds in the ITF Account to build a residence on property he purchased in Lakeside, Arizona ("the Lakeside Residence"), which was completed in the spring or early summer of 2000. Plaintiff visited Defendant during the construction of the Lakeside Property and after its completion. In September 2001, Plaintiff contacted Defendant and requested that he return the funds in the ITF Account. Defendant did not.

Plaintiff's Swiss counsel sent Defendant a letter dated July 4, 2005, which demanded repayment of the money that she had transferred to the ITF Account in 1999. On August 8, 2005, Defendant responded to the demand letter by writing, "I've given this a lot of thought and believe I have a solution." Defendant's letter also requested that Plaintiff call him. Plaintiff called Defendant as he requested. In December 2005, Plaintiff's Swiss counsel sent another letter to Defendant, demanding that Defendant provide a written proposal for repayment. Defendant did not respond. Plaintiff did not contact Defendant between December 21, 2005, and March 1, 2011.

By letter dated March 1, 2011, Plaintiff's current counsel demanded that Defendant repay the funds placed in the ITF Account with accrued interest or execute a new title for the Lakeside Property in Plaintiff's name. On June 21, 2011, Defendant sold the Lakeside Property for $348,850.00. After learning of the sale, Plaintiff telephoned Defendant on August 31, 2011, but Defendant refused to speak with her.

Plaintiff initiated this lawsuit on December 23, 2011.

## IV. ANALYSIS

It is undisputed the Plaintiff's funds were placed in a bank account held by Defendant "in trust for" Plaintiff. Thus, a fiduciary relationship was formed. *See Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 23 (Ct. App. 1996) ("often a

fiduciary is a person who holds property or things of value for another"). Although Plaintiff agreed that the funds were to be used to build the Lakeside Property, Defendant breached his fiduciary duty by refusing Plaintiff's demands to convey to her an interest in the Lakeside Property or to return the funds she had contributed.

The limitations period for a claim based on breach of fiduciary duty by detaining the personal property of another and converting it to one's own use is two years. A.R.S. § 12-542. The limitations period begins to run when a plaintiff "knows facts from which a reasonable man would be put on notice that the trust has been, or is about to be, repudiated." *Walker v. Walker*, 18 Ariz. App. 113, 115, 500 P.2d 898, 900 (1972).

Defendant does not state that he ever repudiated the fiduciary relationship or claimed a right to the funds placed in the ITF Account. In August 2012, he testified that he understood that the money did not belong to him, but he continued to be unsure whether he should repay Plaintiff.

Plaintiff states that in September 2001 Defendant promised he would repay her after he sold the Lakeside Property. She also states that in August 2005 Defendant promised to repay her after he sold the Lakeside Property, but he needed time to do so. Defendant sold it in June 2011 and refused to speak with Plaintiff when she telephoned him in August 2011. Thus, the earliest that Plaintiff was put on notice that Defendant was likely to repudiate the fiduciary relationship was in the summer of 2011, and Plaintiff initiated this lawsuit on December 23, 2011, within the two-year limitations period.

Under the undisputed facts, when the Lakeside Property was sold on June 21, 2011, Defendant became obligated to repay Plaintiff the funds she had transferred to the ITF account, 190,000 CHF or $125,000, with interest. Because summary judgment will be granted to Plaintiff on Count Three for breach of fiduciary duty, additional recovery under the other claims she alleges would be duplicative, and it is unnecessary to decide the other issues raised in the motions for summary judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment for Breach of Fiduciary Duty and Unjust Enrichment (Counts Three and Five) (Doc. 21) is granted as to Count Three.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 23) is denied.

IT IS FURTHER ORDERED that the Clerk enter judgment against Defendant and in favor of Plaintiff in the amount of $125,000.00 with interest from June 21, 2011, to the date of judgment at the rate of 4.25% per annum and interest from the date of judgment to the date paid at the rate of 0.15% per annum.  The Clerk shall terminate this case.

Dated this 7th day of January, 2013.

_____
Neil V. Wake
United States District Judge