1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Rachel Tanais Delieutraz,                    No. CV-11-08210-PCT-NVW

10                        Plaintiff,
                                                   **ORDER**
11   vs.

12   Steve T. Johnson,

13                        Defendant.

14          Before the Court is Plaintiff's Motion for Attorneys' Fees, Taxable Costs, and

15   Non-Taxable Costs (Doc. 30).

16   **I.     BACKGROUND**

17          On January 8, 2013, Plaintiff was granted summary judgment on her claim for

18   breach of fiduciary duty.  (Doc. 28.)  Her other claims were not decided because recovery

19   under them would have been duplicative.   The Order granting summary judgment

20   directed the Clerk to enter judgment against Defendant and in favor of Plaintiff in the

21   amount of $125,000.00 with interest from June 21, 2011, to the date of judgment at the

22   rate of 4.25% per annum and interest from the date of judgment to the date paid at the

23   rate of 0.15% per annum and to terminate this case.  (*Id.*)  The Clerk entered the

24   judgment the same day.  (Doc. 29.)

25          On January 22, 2013, Plaintiff filed a Motion for Attorneys' Fees, Taxable Costs,

26   and Non-Taxable Costs (Doc. 30).

27

28

**II.     TAXABLE COSTS**

The Local Rules require a party seeking taxable costs to file a Bill of Costs with supporting documentation.  LRCiv 54.1(a).  After the fourteen-day objection period has expired, the Clerk of Court has thirty days to tax the costs and allow such items as are properly allowable.  LRCiv 54.1(b).  Instead of filing a Bill of Costs and documentation separately to be addressed by the Clerk, Plaintiff filed it as Exhibit 6 to the Affidavit of Allison L. Kierman.  (Doc. 30-1 at 50.)  Because the Bill of Costs was timely filed, but not as a separate document, Plaintiff will be granted leave to re-file it separately.

**III.    ATTORNEYS' FEES**

Under Arizona law, "[i]n any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney fees."  A.R.S. § 12-341.01(A).  A fee award "need not equal or relate to the attorney fees actually paid or contracted, but the amount may not exceed the amount paid or agreed to be paid."  A.R.S. § 12-341.01(B).  Defendant does not dispute that Plaintiff is the successful party in this contested action.

**A.      "Arising Out of Contract"**

"[A]ttorney's fees may be awarded pursuant to § 12-341.01(A) based upon facts which show a breach of contract, the breach of which may also constitute a tort."  *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141 (1982); *accord Ramsey Air Meds, LLC v. Cutter Aviation, Inc.*, 198 Ariz. 10, 14, 6 P.3d 315, 319 (App. 2000).  "The fact that the two legal theories are intertwined does not preclude recovery of attorney's fees under § 12-341.01(A) as long as the cause of action in tort could not exist but for the breach of contract."  *Id.* (both).

However, where the duty breached is not created by the contractual relationship, but rather is a duty imposed by law, the cause of action does not depend on the existence of a contract, and the "but for" test of *Sparks* is not satisfied.  *Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 523, 747 P.2d 1218, 1222 (1987) (a cause of action for legal malpractice would exist without a contract because attorneys owe special duties to

their clients as a matter of public policy); *In re Naarden Trust*, 195 Ariz. 526, 530, 990 P.2d 1085, 1089 (Ct. App. 1999) (duties of a trustee of a living trust arose from the relationship created by the trust and were not contractual).  The Arizona Court of Appeals distilled the following principles for determining whether a tort claim "arises out of contract":

> In analyzing this issue, the court should look to the fundamental nature of the action rather than the mere form of the pleadings.  The existence of a contract that merely puts the parties within tortious striking range of each other does not convert ensuing torts into contract claims.  Rather, a tort claim will "arise out of a contract" only when the tort could not exist "but for" the breach or avoidance of contract.  When the duty breached is one implied by law based on the relationship of the parties, that claim sounds fundamentally in tort, not contract.  In such cases, it cannot be said that the plaintiff's claim would not exist "but for" the contract.  The test is whether the defendant would have a duty of care under the circumstances even in the absence of a contract.

*Ramsey Air Meds*, 198 Ariz. at 15-16, 6 P.3d at 320-21.

Here, Defendant opened a bank account "in trust for" Plaintiff, thus forming a fiduciary relationship.  He sent her a letter stating that he had opened a new bank account in Plaintiff's name, he was the trustee of the account, and the account belonged to Plaintiff.  Plaintiff electronically transferred funds into the account.  Defendant withdrew all of the funds and did not return them when requested to do so by Plaintiff.  The fundamental nature of Plaintiff's breach of fiduciary duty claim is based on their agreement regarding Plaintiff's money, not on duties imposed by law because of their fiduciary relationship.  Defendant would not have had a duty of care under the circumstances in the absence of their agreement.  Therefore, Plaintiff's breach of fiduciary duty claim could not have existed but for Defendant's breach of their agreement, and Plaintiff's breach of fiduciary duty claim arises out of contract for the purpose of § 12-341.01(A).

**B.     Reasonable Attorney Fees**

Various factors bear on the reasonableness of the requested attorney fee award, such as the time and labor required of counsel, novelty and difficulty of the questions presented, customary fees charged in matters of the type involved, and the amount of money involved and the results obtained.  LRCiv 54.2(c)(3).

As Plaintiff noted, she took only one deposition and filed only one motion, the motion for summary judgment, which relied entirely on the deposition and admissions. The Complaint alleged five routine state law claims:  breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, conversion, and unjust enrichment.  This case involved few documents and no complex legal issues.  Yet, to recover $125,000, Plaintiff incurred $99,070.40 in attorney fees.

Plaintiff's request includes $73,070.40 for her DLA Piper LLP (US) attorneys' and paralegals' fees.  The request shows a total of 173.20 hours expended and the hourly rate for each attorney and paralegal, but does not show how many hours were performed by each attorney and paralegal.  The hourly rates charged are significantly above the customary rates charged in the Phoenix market for lawyers of very high ability, and therefore only a portion of the DLA Piper fees will be shifted to Defendant under the discretion provided by A.R.S. § 12-341.01(A).  The request will be further reduced to reflect time spent communicating with Swiss counsel and time spent by a paralegal "reviewing file" in preparation for other tasks.

Plaintiff also requests an award of $26,000 for her MCE Avocats (Switzerland) attorneys' and paralegals' fees.  She states that the MCE attorneys assisted her in understanding the U.S. legal process, protocols, and procedures and worked with DLA to fully develop the facts related to the litigation.  Although most of the descriptions of tasks performed are not written in English, it appears that much of the work performed is duplicative of work performed by DLA Piper.  None of the MCE fees will be shifted to Defendant under the discretion provided by A.R.S. § 12-341.01(A).

- 4 -

A reasonable amount of an attorney fee award to Plaintiff in these circumstances is $35,000.00.

### C.    Exercise of Discretion

The award of fees to the successful party in a contested action arising out of contract is discretionary with the trial court. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007).    Numerous factors may be considered in determining whether attorney fees should be granted.   These include the merits of Defendant's defense, Plaintiff's success in obtaining the relief sought, the avoidable expense incurred, the possibility that the award will cause "extreme hardship," any chilling effect the award might have on other parties with tenable claims or defenses, and the novelty of the legal questions presented. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

Plaintiff succeeded in obtaining the relief sought.   Although Defendant asserted a statute of limitations defense to Plaintiff's breach of contract claim, he admitted to the facts establishing her breach of fiduciary duty claim for which the limitations period had not expired.   A fee award may cause Defendant hardship, but there is no evidence showing that it would cause significantly more hardship than does the January 8, 2013 Judgment for $125,000 plus interest.   The legal questions presented are not novel, and a fee award is not likely to have a chilling effect on other parties with tenable defenses.

Upon consideration of these factors, the Court will exercise its discretion to award Plaintiff reasonable attorney fees under A.R.S. § 12-341.01(A).

## IV.    NON-TAXABLE COSTS

In order to recover non-taxable costs, LRCiv 54.2(e)(3) requires that each related non-taxable expense be identified with particularity.   Plaintiff seeks reimbursement for Westlaw research costs in the amount of $1,543.93, but has submitted only a listing of dates and attorney names followed by "amount," which appears to be a dollar amount for three dates and what may be the number of transactions for the other dates.   Because the supporting documentation for the Westlaw charges does not give any indication how the

amount of $1,543.93 was calculated or for what purposes the legal research was conducted, Plaintiff's request for non-taxable costs will be denied.

## V.  RELIEF FROM JUDGMENT

Plaintiff also requests prejudgment interest and that she be awarded the conversion value as of either June 21, 2011, or January 8, 2013, rather than the amount stated in the January 8, 2012 judgment.  These post-judgment requests should have been presented as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Reconsideration under Rule 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010). Because none of these conditions apply, the requests, construed as a Rule 59(e) motion, will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorneys' Fees, Taxable Costs, and Non-Taxable Costs (Doc. 30) is granted in part and denied in part as follows:

1.  Plaintiff may re-file her Bill of Costs and supporting documentation as a separate document by April 19, 2013.

2.  Plaintiff's request for non-taxable costs is denied.

3.  Plaintiff's requests to modify the Judgment entered January 8, 2013, are construed as a motion under Fed. R. Civ. P. 59(e) and denied.

4.  Plaintiff's request for award of attorney fees is granted in the amount of $35,000.00.

1    IT IS FURTHER ORDERED that the Clerk enter judgment against Defendant and

2  in favor of Plaintiff in the amount of $35,000.00 with interest to run from the date of

3  judgment to the date paid at the rate of 0.13% per annum.

4    Dated this 11th day of April, 2013.

5

6

7  _____

8  Neil V. Wake
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28